UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>      Petitioner,<br><br>      v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      Respondent. | Case No.: 1:12-cv-01395-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO AMEND CAPTION (Docs. 8 & 10)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE AUDREY KING AS PROPER RESPONDENT |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on August 14, 2012. (Doc. 1). On September 20, 2012, the Court ordered Petitioner to file a motion to amend the caption to reflect the proper respondent, Audrey King, the Director of the Coalinga State Hospital. (Doc. 6). On October 1, 2012, and again on

1

October 5, 2012, Petitioner filed identical motions to amend the caption to reflect that the proper Respondent is Ms. King.  (Docs. 8 & 10).

Having corrected that problem, the Court has now conducted a preliminary screening of the petition and has concluded that the claims therein are completely unexhausted.  Accordingly, the Court will recommend that the petition be dismissed.

## DISCUSSION

A.   Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.   Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

As a general rule, a petitioner satisfies the exhaustion requirement by "fairly presenting" his federal claims to the appropriate state court in the manner required by the state courts, thereby affording those state courts a meaningful opportunity to consider allegations of legal error.  Casey v. Moore, 386 F.3d 896, 915-916 (9th Cir. 2004).  When a habeas petition is denied because of procedural defects that may be remedied in state court, the claims have not been "fairly presented" to the state court and are not exhausted.  See Harris v. Superior Court, 500 F.2d 1124, 1126 (a9th Cir. 1974).  The action must be dismissed unless the federal court makes an independent determination that the claims were "fairly presented" to the state court despite the procedural denial.  See Kim v.

3

1  Villalobos, 799 F.2d 1317, 1319-1320 (9th Cir. 1986)(holding that petitioner's claims had been fairly
2  presented to California Supreme Court despite rejected of petition for lack of specificity where
3  petitioner had twice filed habeas petitions with California Supreme Court and could not articulate
4  claims with any greater particularity than had already been done).
5      If a petitioner's available state remedies have not been exhausted as to all claims, the district
6  court must dismiss the petition. See Rose, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th
7  Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after
8  exhausted available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
9  1995).
10     Here, Petitioner did not "fairly present" his claims for review to the California Supreme Court.
11  Instead, Petitioner filed his first state habeas petition in the California Supreme Court, which then
12  transferred the case to the California Court of Appeal, Fifth Appellate District ("5th DCA"), without
13  ruling on the issues because, in California, the state high court will normally not review a case that has
14  not first been presented to the lower courts.  Submitting a claim or claims to a state's highest court in a
15  procedural context in which the claims' merits normally will not be considered does not constitute fair
16  presentation.  Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989); Roettgen v. Copeland, 33
17  F.3d 36, 38 (9th Cir. 1994).  To satisfy the requirement that a habeas petitioner "fairly present" his or
18  her claims to the state's highest court, Petitioner must present his claims "through the proper vehicle."
19  Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005); see also Powell v. Lambert, 357 F.3d
20  871, 874 (9th cir. 2004)("In presenting his claims to the state court, a petitioner must comply with state
21  procedural rules.").
22     Thus, the mere act of sending a procedurally defective set of claims to the California Supreme
23  Court does not, for exhaustion purposes, constitute "fairly presenting" those claims to the state court,
24  because Petitioner still could have done so by way of filing a petition for a writ of habeas corpus in the
25  California Supreme Court once the Court of Appeal had denied his petition for writ of
26  mandate/prohibition.  Davis v. Adams, 2010 WL 1408290, *2 (C. D. Cal. March 3, 2010)
27  (unpublished) (presentation through untimely petition for review does not exhaust claims); Rojas v.
28  Vasquez, 2009 WL 506478 (C.D. Cal. Feb. 24, 2009), *3 (unpublished)(same); Davis v. Evans, 2009

WL 2390849 (C.D. Cal. Aug. 3, 2009)(unpublished)(same); Lujan v. Davis, 2008 WL 783366 (N.D. Cal. March 25, 2008), *2 (unpublished) (same); Stephenson v. Campbell, 2005 WL 3500606 (E.D.Cal. Dec. 20, 2005), *1 (unpublished)(same). But see Jackson v. Hornbreak, 2010 WL 235063 (E.D. Cal. Jan. 21, 2010)(unpublished) (state supreme court should have construed petition for review as habeas petition and timely filed same); Miranda v. Carey, 2007 WL 250447 (E.D. Cal. Aug. 30, 2007) (unpublished) (same).[1]

Moreover, after the 5th DCA denied his petition, Petitioner did not then seek to present those claims to the California Supreme Court, something he clearly had the opportunity to do. Had he done so, he would have fully exhausted his claims in state court. By failing to present his claims to the state supreme court, he has failed to fully exhaust those claims for purposes of federal review.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. See Kim, 799 F.2d at 1319 (claims unexhausted where denial on procedural grounds can be cured in a renewed state petition). Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22; Calderon, 107 F.3d at 760.

C. Motions to Amend.

Pursuant to the Court's order of September 20, 2012, Petitioner filed two identical motions to amend the caption by substituting the name of Audrey King, Director of the Coalinga State Hospital, for the "People of the State of California." Accordingly, the Court will grant those motions and direct the Clerk of the Court to duly amend the caption to reflect the proper Respondent.

///

---

[1] Despite the holding of these latter two cases, the Court notes the California Supreme Court followed its own procedures in refusing to accept a petition that had not first been reviewed by the lower state courts and has applied its own rules scrupulously to that petition by transferring it to the 5th DCA without addressing the merits of the petition. In doing so, it afforded Petitioner the chance to file a new habeas petition once the 5th DCA denied his first petition. Petitioner chose not to pursue the latter course and, instead, chose to file his next petition in this Court, without first exhausting his claims in state court. In light of these circumstances, the Court declines to presume that it is better situated to interpret the California Supreme Court's filing standards or to announce its procedural rules.

**ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. Petitioner's motions to amend the caption (Docs. 8 & 10), are **GRANTED**.
2. The Clerk of the Court is **DIRECTED** to amend the caption by substituting the name of Audrey King, Director of the Coalinga State Hospital, as the proper Respondent.
3. The Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **HEREBY RECOMMENDS** that the habeas corpus petition be **DISMISSED** for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 18, 2012**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE