1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   GREGORY ELL SHEHEE,                    )   Case No.: 1:12-cv-01395-JLT
                                            )
12              Petitioner,                 )   FINDINGS AND RECOMMENDATIONS TO
                                            )   GRANT RESPONDENT'S MOTION TO DISMISS
13       v.                                 )   PETITION (Doc. 28)
                                            )
14   PEOPLE OF THE STATE OF CALIFORNIA,     )
                                            )   ORDER DIRECTING OBJECTIONS TO BE FILED
15              Respondent.                 )   WITHIN TWENTY-ONE DAYS
                                            )
16   _____

17       Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.[1]

19                           **PROCEDURAL HISTORY**

20       The instant petition was filed on August 14, 2012. (Doc. 1). On October 19, 2012, after

21   conducting a preliminary screening of the petition and having concluded that the claims therein were

22   completely unexhausted, the Court issued Findings and Recommendations to dismiss the petition on

23   exhaustion grounds. (Doc. 12). Those Findings and Recommendations were premised on the

24   assumption that Petitioner was a state prisoner challenging a state conviction and sentence pursuant to

25

26   _____
     [1] Petitioner insists he is proceeding pursuant to 28 U.S.C.§ 2241 because he is challenging pre-plea custody, However,
27   "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even
     when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009–10
28   (9th Cir.2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir.2010). Accordingly, this Court
     will analyze the petition under 28 U.S.C. § 2254.

                                                    1

28 U.S.C. § 2254.  Petitioner filed objections, in which he argued that he was not subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act contained in 28 U.S.C. § 2254, since he had yet to be convicted, i.e., he was challenging his pre-conviction detention.  (Doc. 14). Petitioner argued that he was a pre-conviction detainee proceeding pursuant to 28 U.S.C. § 2241(c)(3). The Court then withdrew the Findings and Recommendations to allow the record to develop.  (Doc. 15).

Over the next two years, the Court sought to dismiss the petition as unexhausted; however, Petitioner ultimately submitted documents showing that he *had* presented his issues to the California Supreme Court.  (Doc. 20).  Thereafter, the Court ordered Respondent to file a response to the petition (Doc. 22) and Respondent filed the instant motion to dismiss.  (Doc. 28).  Respondent argues that she is not a proper party to these proceedings and "suggests" that the Court lacks jurisdiction over the petition, thus requiring dismissal.  Petitioner did not file an opposition to the motion to dismiss; however, he has filed a motion to enforce the superior court order (Doc. 31), a request for judicial notice (Doc. 32), and a motion for change of venue.  (Doc. 33).

## FACTUAL BACKGROUND

At the time of filing of the instant petition, Petitioner was confined, pursuant to California civil law, as a sexually violent predator in the Coalinga State Hospital.  (Doc. 1, Petitioner's motion to dismiss, p. 3).  On May 7, 2010, Petitioner, while a SVP at Coalinga, was alleged to have damaged a plasma television, a remote controller, a cordless telephone, various other electronic devices, and to have threatened another patient in the hospital.  (Doc. 1, People's Memorandum in Opposition to Motion to Dismiss, p. 2).

On November 19, 2010, Petitioner was charged in two separate criminal proceedings, case numbers F10100870 and F10100872, of felony charges arising out of the May 7, 2010 incident.  (Doc. 27).  Later, on December 17, 2010, Petitioner was charged in case number F1010093 with felony conduct also relating to the May 7, 2010 incident.  (Id.).  Finally, on April 19, 2011, Petitioner was charged in case number F11100292, with a felony based on an undetermined event that occurred on January 26, 2011.  (Id.).

On February 28, 2011, in the course of the first three criminal proceedings, Petitioner filed a

motion to dismiss, contending that the prosecution had delayed filing charges for so long that Petitioner's witness, Mr. Madden, had died, thus prejudicing his defense. (Doc. 1, Petitioner's motion to dismiss; Doc. 20). This motion was denied. (Doc. 29, p. 3). Thereafter, Petitioner challenged the denial by filing a petition for writ of mandate as to all four pending criminal cases in the California Supreme Court, case number S202833, which transferred the case to the Court of Appeal, Fifth Appellate District ("5th DCA") on May 29, 2012. (Doc. 1). On June 7, 2012, the 5th DCA denied the petition. (Id.). Petitioner then filed an identical petition again in the California Supreme Court, which summarily denied the petition on July 18, 2012 in case number S203603. (Id.).

On November 12, 2014, Petitioner moved to withdraw his not guilty pleas and plead nolo contendere to misdemeanor charges in all four state criminal prosecutions. (Doc. 29). After plea negotiations, Petitioner waived reading of his constitutional and statutory rights, entered pleas of nolo contendere, and signed a written form changing his plea. (Id.). The trial court made findings that a factual basis for the pleas existed and that the plea was made knowingly, intelligently and voluntarily. (Id.). The trial court reduced all charges to misdemeanors and sentenced Petitioner to 180 days in county jail, with sufficient credit for time served to eliminate any further incarceration on those charges. The trial court waived any fines or fees, finding Petitioner lacked the ability to pay them. (Id.). Thus, the four pending state criminal proceedings that gave rise to this petition were concluded. Although Petitioner was advised of his right to appeal, the Court has accessed the State of California's official court website and has found no evidence that Petitioner ever appealed these convictions.

On February 6, 2015, in the Superior Court for the County of Los Angeles, Petitioner appeared regarding a petition filed by the prosecution to continue his confinement as an SVP. (Doc. 29, Attachment). The trial court found that the petition was untimely and ordered Petitioner to be released forthwith. (Id.).

Petitioner then filed the instant petition challenging the trial court's denial of his motion to dismiss, contending that he was improperly arrested, given faulty Miranda warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and that the delay in filing charges violated due process because a key defense witness died before charges were filed. (Doc. 1). During the lengthy course of

3

1  these federal proceedings, it appears that Petitioner is now confined in the Fresno County Jail on

2  unspecified charges.

3  **DISCUSSION**

4      A.  <u>Preliminary Review of Petition</u>.

5      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

6  it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

7  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

8  Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

9  corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

10 an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

11     B.  <u>Respondent's Contentions</u>

12     Respondent contends that she is an improper party because, although she would be the proper

13 party if Petitioner were challenging his confinement as a result of the SVP proceedings, she is not the

14 proper party regarding the four criminal misdemeanors to which Petitioner pleaded guilty.  (Doc. 28, p.

15 3).  Respondent argues that the petition makes no claim that Respondent violated Petitioner's

16 constitutional rights by confining him as an SVP.  (<u>Id</u>.).  Respondent also "suggest" that habeas

17 jurisdiction is lacking because, pursuant to <u>Tollet v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 36

18 L.Ed.2d 235 (1973), any challenge to pre-plea violations is not cognizable in federal habeas

19 proceedings.  (Doc. 28, p. 3, fn. 1).   As discussed below, the Court agrees that <u>Tollet</u> bars federal

20 habeas review of those claims.

21     C.  <u>Petitioner's Nolo Contendere Plea Bars Federal Review</u>

22     "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may

23 not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." <u>Hudson</u>

24 <u>v. Moran</u>, 760 F.2d 1207, 1029–30 (9th Cir.1985) (citations omitted). As the Supreme Court put it,

25     a guilty plea represents a break in the chain of events which has preceded it in the criminal
26     process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty
    of the offense with which he is charged, he may not thereafter raise independent claims relating
27     to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He
    may only attack the voluntary and intelligent character of the guilty plea by showing that the
28     advice he received from counsel was [inadequate]....

4

Tollett v. Henderson, 411 U.S. at 267. Thus, as a general matter[2], one who intelligently and voluntarily pleads guilty to a criminal charge "may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994), superseded on other grounds by statute, AEDPA, Pub.L. No. 104–132, 110 Stat. 1214, as stated in McMurtrey v. Ryan, 539 F.3d 1112, 1119 (9th Cir.2008); see U.S. v. Caperell, 938 F.2d 975, 977 (9th Cir.1991) ("[A] guilty plea generally waives all claims of constitutional violation occurring before the plea ...").

Here, Petitioner does not attack the voluntary and intelligent character of his plea. He does not claim the advice he received from defense counsel was not within the range of competence demanded of attorneys in criminal cases and does not claim that the trial court's advisement of his constitutional rights was inadequate to void the finding that his pleas were knowing, intelligent, and voluntary.[3] Rather, Petitioner raises only pre-plea substantive claims, i.e., that he was not properly Mirandized, that his arrest was illegal, and that the prosecution violated his rights by the lengthy delay in filing criminal charges.   Petitioner's nolo contendere pleas, however, preclude federal habeas relief for those alleged pre-plea violations. See id.; Hudson, 760 F.2d at 1030; see also Moran v. Godinez, 57 F.3d at 700 (holding that petitioner's contention that his attorneys were ineffective because they failed to attempt to prevent the use of his confession was the assertion of an alleged pre-plea constitutional violation which was waived by petitioner's plea).

Analogously, a claim that a petitioner's speedy trial rights were violated is barred by Tollett.

---

[2] Since Tollett, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is "jurisdictional," i.e., it implicates the government's power to prosecute the defendant. United States v. Johnston, 199 F.3d 1015, 1019 n. 3 (9th Cir.1999). For example, Tollett does not foreclose a claim that: a defendant was vindictively prosecuted, Blackledge v. Perry, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103–04, 40 L.Ed.2d 628 (1974); the indictment under which a defendant pled guilty placed him in double jeopardy, Menna v. New York, 432 U.S. 61, 62, 96 S.Ct. 241, 242 (1975) (per curiam); or the statute under which the defendant was indicted is unconstitutional or unconstitutionally vague on its face, United States v. Garcia–Valenzuela, 232 F.3d 1003, 1006 (9th Cir.2000). Critically, however, the Supreme Court "has subsequently limited the scope of these exceptions to include only those claims in which, judged on the face of the indictment and the record, the charge in question is one which the state may not constitutionally prosecute." Johnston, 199 F.3d at 1019–20 n. 3 (citing United States v. Broce, 488 U.S. 563, 574-76, 109 S.Ct. at 765–66 (1989)). None of those exceptions apply in this case.

[3] While the record does not contain a transcript of the change of plea hearing, the minutes of those proceedings are part of the record and reflect, as mentioned previously, that Petitioner waived a reading of his constitutional rights, and that the trial court made findings that Petitioner's plea was knowing, intelligent, and voluntary.  Moreover, the Court notes that the pleas were highly advantageous to Petitioner, effectively eliminating the cases without subjecting Petitioner to any additional jail time or any additional fines or fees.  Finally, the Court notes that at no point in these proceedings, which now span three years, has Petitioner ever suggested that his pleas were not knowing and voluntary.

1   See, e.g., Nigro v. Evans, 399 Fed. Appx. 279, 280, 2010 WL 4007576, at *1 (9th Cir. Oct.12, 2010)

2   (holding that petitioner's nolo contendere plea foreclosed pursuit of habeas relief based on pre-plea

3   speedy trial violations); Ortberg v. Moody, 961 F.2d 135, 136–38 (9th Cir.1992)(finding a claim based

4   on alleged Speedy Trial Act violation to be barred); United States v. Bohn, 956 F.2d 208, 209 (9th

5   Cir.1992) (defendant's guilty plea waived, inter alia, claims for violation of the Speedy Trial Act); cf.

6   United States v. Cain, 134 F.3d 1345, 1351 (8th Cir.1998) (claim of prosecutorial misconduct based on

7   pre-indictment delay was barred by guilty plea).

8          The Tollett rule also applies to bar habeas claims based on other types of pre-plea matters. For

9   example, claims that a petitioner's rights were violated by an unlawful search and seizure and/or that a

10  motion to suppress should have been granted typically are barred by the Tollett rule. See, e.g., Ortberg,

11  961 F.2d at 136–38 (guilty plea barred habeas consideration of claim alleging an unlawful search);

12  United States v. Davis, 900 F.2d 1524, 1525–26 (10th Cir.1990) (claim based on denial of suppression

13  motion barred by guilty plea); Marrow v. United States, 772 F.2d 525, 527 (9th Cir.1985) (guilty plea

14  precluded consideration of claim addressed to legality of confession); Kittleson v. Mitchell, 2004 WL

15  287373, at *1 (N.D.Cal.2004) (claim that pre-plea motion to suppress evidence should have been

16  granted, because petitioner's arrest was unlawful under the Fourth Amendment, was barred under

17  Tollett).  Nothing in the Court's review of the cases subsequent to Tollet suggests that Petitioner is

18  entitled to habeas review of the pre-plea claims that form the basis of the instant petition.

19         Based on the foregoing, the Court agrees with Respondent that habeas review of these claims is

20  foreclosed, and, hence, the petition should be dismissed pursuant to Tollet.[4]

21  ///

22

23  [4] It bears emphasis that Petitioner has never suggested t he is challenging his SVP status or the confinement resulting from
    that status.  Moreover, the SVP proceedings were dismissed by the Superior Court on February 6, 2015, thus making any
24  challenge moot.  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of
    jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983);
25  N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the
    issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455
26  U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants
    before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300
27  U.S. 227, 240-241 (1937). If Petitioner is challenging his current confinement in the Fresno County jail, such claims, to the
    extent they arise out of new criminal charges, are not cognizable in these proceedings since they were never pleaded in the
28  original petition or, indeed, in any pleading in these proceedings.  And, obviously, to the extent that Petitioner's current
    confinement is somehow related to the four charges to which he pleaded guilty, any challenges to his present confinement
    would also be barred by Tollet.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 28), be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   __**August 28, 2015**__                    _____**/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE